UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2012 JUN 29  A 10: 55

NELSON VALLE,

    Plaintiff,

v.

RJM ACQUISITIONS,
VERIFACTS, INC.,
PROGRESSIVE FINANCIAL,

    Defendants.

CASE NO.: 3:12cv957 (CSH)

FAIR CREDIT REPORTING ACT VIOLATIONS
COMMON LAW INVASION OF PRIVACY

## VERIFIED COMPLAINT

Plaintiff, Nelson Valle, hereby sues Defendants, RJM Acquisitions, Verifacts, Inc., and Progressive Financial; and alleges:

## NATURE OF ACTION

1. This is an action for violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*, and for common law invasion of privacy.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, and 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391(b) because the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this

PLAINTIFF'S COMPLAINT
- 1

Nelson Valle
66 Montowese St.
Hartford, CT 06114
+860.212.0794 phone

district, and/or where Defendant RJM Acquisitions (Herein "RJM") transacts business in this district.

4. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391(b) because the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant Verifacts, Inc. (Herein "Verifacts") transacts business in this district.

5. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391(b) because the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant Progressive Financial (Herein "Progressive") transacts business in this district.

**PARTIES**

6. Plaintiff, Nelson Valle, is a natural person and is a resident of the State of Connecticut, County of Hartford, City of Hartford.

7. Plaintiff is a consumer at FCRA, 15 U.S.C. §1681a(c).

8. At all relevant times Defendant RJM was a foreign corporation registered in the State of Connecticut.

9. Upon information and belief, Defendant Verifacts was a foreign corporation not registered in the State of Connecticut. [ www.ct.gov/sots ]

10. At all relevant times Defendant Progressive Financial was a foreign corporation registered in the State of Connecticut.

11. Defendant RJM is a person 15 U.S.C. §1681a(b).

12. Defendant Verifacts is a person 15 U.S.C. §1681a(b)

13. Defendant Progressive is a person 15 U.S.C. §1681a(b)

14. Defendant RJM is a "user" of a consumer report as generally used throughout FCRA, 15 U.S.C. §1681.

15. Defendant Verifacts is a "user" of a consumer report as generally used throughout FCRA, 15 U.S.C. §1681.

16. Defendant Progressive is a "user" of a consumer report as generally used throughout FCRA, 15 U.S.C. §1681.

17. Upon information in belief, Defendant RJM was engaged in attempting to collecting a non existing debt from Plaintiff.

18. Upon information in belief, Defendant Verifacts was engaged in attempting to collecting a non existing debt from Plaintiff.

19. Upon information in belief, Defendant Progressive was engaged in attempting to collecting a non existing debt from Plaintiff.

## FACTUAL ALLEGATIONS

20. This complaint is brought within 2 years and 5 years at FCRA at 15 U.S.C. §1681p(1) and (2)

21. A Consumer Reporting Agency is a business that collects information at FCRA, 15 U.S.C. §1681a(f)

22. A Consumer Report is a communication of information at 15 U.S.C. §1681a(d).

23. Certification is to state purpose for information being used for compliance to FCRA, 15 U.S.C. §§1681b(f) and 1681e.

24. At a time prior to inquiries into Plaintiff's consumer report, Defendant RJM issued a certification to Consumer Reporting Agencies Transunion and Experian.

PLAINTIFF'S COMPLAINT
- 3

Nelson Valle
66 Montowese St.
Hartford, CT 06114
+860.212.0794 phone

25. At a time prior to inquiries into Plaintiff's consumer report, Defendant Verifacts issued a certification to a Consumer Reporting Agencies Transunion and Experian..

26. At a time prior to this filing Defendant Progressive issued a certification to a Consumer Reporting Agency Experian.

27. On or about April 26th 2011 Defendant RJM initiated an inquiry into Plaintiff's Consumer Report from Credit Reporting Agency Experian. [Exhibit A]

28. On or about December 21st 2010 Defendant RJM initiated an inquiry into Plaintiff's Consumer Report from Credit Reporting Agency Experian.

29. On or about December 21st 2010 Defendant RJM initiated a 2nd inquiry on the same date into Plaintiff's Consumer Report from Credit Reporting Agency Experian.

30. On or about December 20th 2010 Defendant RJM initiated an inquiry into Plaintiff's Consumer Report from Credit Reporting Agency Transunion.

31. On or about April 25th 2011 Defendant Verifacts initiated an inquiry into Plaintiff's Consumer Report from Credit Reporting Agency Experian. [Exhibit A]

32. On or about April 11th 2011 Defendant Verifacts initiated an inquiry into Plaintiff's Consumer Report from Credit Reporting Agency Transunion.

33. On or about time September 27th 2010 Defendant Progressive initiated an inquiry into Plaintiff's Consumer Report from Credit Reporting Agency Experian. [Exhibit A]

34. Plaintiff discovered Defendant RJM's 4 inquiries into his Consumer Report on or about October 28th 2011.

35. Plaintiff discovered Defendant Verifact's 2 inquiries into his Consumer Report on or about October 28th 2011.

36. Plaintiff discovered Defendant Progressive's 1 inquiry into his Consumer Report on October 28th 2011.

37. On or about December 2, 2011 Plaintiff attempted to approach Defendant RJM regarding possible private settlements of pending violations.

38. Plaintiff has not, as of date of this filed complaint, received any communication by phone or mail wherein permissible purpose was asserted to be attained by Defendant RJM.

39. On or about December 2, 2011, Plaintiff attempted to approach Defendant Verifacts regarding possible private settlements of pending violations.

40. On or about December 21, 2011 Plaintiff received an unsigned letter from Defendant Verifacts from its"Compliance & Privacy Department." [Exhibit B]

41. Defendant Verifact's letter alleges "permissible purpose" to Plaintiff's private consumer report stating in relevant part, *"in connection with a 'credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.'"*

42. Defendant Verifact's letter, in relevant part, alleges *"Verifacts, Inc. is not a debt collector and is not attempting to collect a debt from you."*

43. Nowhere in the body of Defendant Verifact's letter was a specific 'credit transaction', 'extension of credit' or 'review or collection of an account' alleged or asserted.

44. Verifact's Linkedin web page states in unambiguous terms, Verifacts is, *"A family owned business specializing in the location of place of employment and residential contact information for over 20 years. Licensed as a collection agency as well as private detective agency working in the credit and collections industry."* [http://www.linkedin.com/company/verifacts ]

45. On or about December 2, 2011, Plaintiff attempted to approach Defendant

PLANTIFF'S COMPLAINT
- 5

Nelson Valle
66 Montowese St.
Hartford, CT 06114
+860.212.0794 phone

Progressive regarding possible private settlements of pending violations.

46. Plaintiff has not, as of date of this filed complaint, received any communication by phone or mail wherein permissible purpose was alleged to be attained by Defendant Progressive.

47. An "account" is defined at 15 U.S.C. §1681a(r)(4) and 15 U.S.C. §1693a(2) which states in 15 U.S.C. §1681a(r)(4) that . . .The terms "account" and "electronic fund transfer" have the same meanings as in section 903 of the Electronic Fund Transfer Act...And at 15 U.S.C.1683a(2) - the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i) of this title,), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

48. Plaintiff does not have an account with Defendant RJM.

49. Defendant RJM knew, or should have known, that there exist no account or alleged collection of an account wherein access to Plaintiff's private consumer report is permissible.

50. Plaintiff owes no debt to Defendant RJM.

51. Plaintiff has not received, as of the date of this filed complaint, a "firm offer of credit" from Defendant RJM.

52. Plaintiff has not received any communication from Defendant RJM on any alleged account that may have been assigned, sold or transferred to them.

53. Plaintiff does not have an account with Defendant Verifacts.

54. Defendant Verifacts knew, or should have known, that there exist no account or alleged collection of an account wherein access to Plaintiff's private consumer report is permissible.

PLANTIFF'S COMPLAINT
- 6

Nelson Valle
66 Montowese St.
Hartford, CT 06114
+860.212.0794 phone

55. Plaintiff owes no debt to Defendant Verifacts.

56. Plaintiff has not received, as of the date of this filed complaint, a "firm offers of credit" from Defendant Verifacts.

57. Plaintiff has not received any communication from Defendant Verifacts on any alleged account that may have been assigned, sold or transferred to them.

58. Plaintiff does not have an account with Defendant Progressive.

59. Defendant Progressive knew, or should have known, that there exist no account or alleged collection of an account wherein access to Plaintiff's private consumer report is permissible.

60. Plaintiff owes no debt to Defendant Progressive.

61. Plaintiff has not received, as of the date of this filed complaint, a "firm offers of credit" from Defendant Progressive.

62. Plaintiff has not received any communication from Defendant Progressive on any alleged account that may have been assigned, sold or transferred to them.

63. At no relevant time material to this complaint [as alleged in lines 27, 28, 29, 30] were the strictly limited circumstances granting Permissible Purpose at 15 U.S.C. §1681b attained by Defendant RJM.

64. At no relevant time material to this complaint [as alleged in lines 31 and 32] were the strictly limited circumstances granting Permissible Purpose at 15 U.S.C. §1681b attained by Defendant Verifacts.

65. At no relevant time material to this complaint [as alleged in line 33] were the strictly limited circumstances granting Permissible Purpose at 15 U.S.C. §1681b for Defendant Progressive.

Nelson Valle
66 Montowese St.
Hartford, CT 06114
+860.212.0794 phone

66. The FCRA was enacted for privacy at 15 U.S.C. §§1681(a)(4) and 1681(b).

67. Defendant RJM's activities are an intrusion to Plaintiff's privacy.

68. Defendant Verifacts' activities are an intrusion to Plaintiff's privacy.

69. Defendant Progressive's activities are an intrusion to Plaintiff's privacy.

70. Plaintiff has a loss of life, liberty and property for loss of time in research and preparation for this suit as a direct result of Defendant RJM's action.

71. Plaintiff has a loss of life, liberty and property for loss of time in research and preparation for this suit as a direct result of Defendant Verifacts' action.

72. Plaintiff has a loss of life, liberty and property for loss of time in research and preparation for this suit as a direct result of Defendant Progressive's action.

73. Plaintiff has suffered stress over the improprieties of Defendant RJM's willful actions in breaching Plaintiff's privacy.

74. Plaintiff has suffered stress over the improprieties of Defendant Verifacts' willful actions in breaching Plaintiff's privacy.

75. Plaintiff has suffered stress over the improprieties of Defendant Progressive's willful actions in breaching Plaintiff's privacy.

**COUNT I**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681n BY DEFENDANTS RJM, VERIFACTS & PROGRESSIVE**

76. Plaintiff reincorporates all preceding paragraphs.

77. Defendant RJM willfully failed to comply with FCRA at 15 U.S.C. §1681n, by an inquiry without Permissible Purpose at 15 U.S.C. §1681b(f)

78. Defendant Verifacts, Inc. willfully failed to comply with FCRA at 15 U.S.C. §1681n,

by an inquiry without Permissible Purpose at 15 U.S.C. §1681b(f)

79. Defendant Progressive willfully failed to comply with FCRA at 15 U.S.C. §1681n, by an inquiry without Permissible Purpose at 15 U.S.C. §1681b(f)

WHEREFORE, Plaintiff demands

- Declaratory judgment

- Statutory Damages

- Punitive Damages to be determined by the jury

- Attorneys fees and costs and costs, pursuant to 15 U.S.C. §1681n.

Together with such other further relief as the Court may deem reasonable and just under the circumstances.

### COUNT II
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681o BY DEFENDANT RJM, VERIFACTS & PROGRESSIVE

80. Plaintiff reincorporates all preceding paragraphs.

81. Defendant RJM willfully failed to comply with FCRA at 15 U.S.C. §1681o, by an inquiry without Permissible Purpose at 15 U.S.C. §1681b(f)

82. Defendant Verifacts willfully failed to comply with FCRA at 15 U.S.C. §1681o, by an inquiry without Permissible Purpose at 15 U.S.C. §1681b(f)

83. Defendant Progressive willfully failed to comply with FCRA at 15 U.S.C. §1681o, by an inquiry without Permissible Purpose at 15 U.S.C. §1681b(f)

WHEREFORE, Plaintiff demands

Nelson Valle
66 Montowese St.
Hartford, CT 06114
+860.212.0794 phone

- Declaratory judgment

- Statutory Damages

- Attorneys fees and costs, pursuant to 15 U.S.C. §1681n.

Together with such other further relief as the Court may deem reasonable and just under the circumstances.

## COUNT III
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681n BY DEFENDANT RJM, VERIFACTS & PROGRESSIVE

84. Plaintiff reincorporates all preceding paragraphs.

85. Defendant RJM willfully failed to comply with FCRA at 15 U.S.C. §1681n, by providing Consumer Reporting Agency Transunion and Experian with a certification under false pretenses at 15 U.S.C. §1681b(f)and e.

86. Defendant Verifacts willfully failed to comply with FCRA at 15 U.S.C. §1681n, by providing Consumer Reporting Agency Transunion and Experian with a certification under false pretenses at 15 U.S.C. §1681b(f)and e.

87. Defendant Progressive willfully failed to comply with FCRA at 15 U.S.C. §1681n, by providing Consumer Reporting Agency Experian with a certification under false pretenses at 15 U.S.C. §1681b(f)and e.

WHEREFORE, Plaintiff demands

- Declaratory judgment

- Statutory Damages

- Punitive Damages to be determined by the jury

- Attorneys fees and costs and costs, pursuant to 15 U.S.C. §1681n.

Nelson Valle
66 Montowese St.
Hartford, CT 06114
+860.212.0794 phone

Together with such other further relief as the Court may deem reasonable and just under the circumstances.

## COUNT IV
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681o BY DEFENDANT RJM, VERIFACTS & PROGRESSIVE

88. Plaintiff reincorporates all preceding paragraphs.

89. Defendant RJM willfully failed to comply with FCRA at 15 U.S.C. §1681o, by providing Consumer Reporting Agency Transunion and Experian with a certification under false pretenses at 15 U.S.C. §1681b(f)and e.

90. Defendant Verifacts willfully failed to comply with FCRA at 15 U.S.C. §1681o, by providing Consumer Reporting Agency Transunion and Experian with a certification under false pretenses at 15 U.S.C. §1681b(f)and e.

91. Defendant Progressive willfully failed to comply with FCRA at 15 U.S.C. §1681o, by providing Consumer Reporting Agency Experian with a certification under false pretenses at 15 U.S.C. §1681b(f)and e.

WHEREFORE, Plaintiff demands

- Declaratory judgment
- Statutory Damages
- Attorneys fees and costs, pursuant to 15 U.S.C. §1681n.

Together with such other further relief as the Court may deem reasonable and just under the circumstances.

## COUNT V
## COMMON LAW INVASION OF PRIVACY BY DEFENDANTS RJM, VERIFACTS & PROGRESSIVE

92. Plaintiff reincorporates all preceding paragraphs.

WHEREFORE, Plaintiff demands

- Actual damages to be proven at trial

- Punitive Damages

Together with such other further relief as the Court may deem reasonable and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 29, 2012
Respectfully submitted,
Nelson Valle
66 Montowese St.
Hartford, CT 06114

_____

PLANTIFF'S COMPLAINT - 12

Nelson Valle
66 Montowese St.
Hartford, CT 06114
+860.212.0794 phone