UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NELSON VALLE,                          :
                                       :
                    Plaintiff,         :
                                       :
v.                                     :        No. 3:12-CV-00957-CSH
                                       :
RJM ACQUISITIONS, LLC,                 :
VERIFACTS, INC.,                       :
PROGRESSIVE FINANCIAL                  :
SERVICES, INC.,                        :        January 6, 2014
                                       :
                    Defendants.        :
                                       :

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT PROGRESSIVE FINANCIAL SERVICES, INC'S
MOTION FOR SUMMARY JUDGMENT**

**Preliminary Statement**

Plaintiff's Opposition is voluminous, overcomplicated, reflects a grossly distorted view of the facts and a tortured interpretation of the law.  Aside from the Opposition's complete lack of merit, the response was untimely filed, and for that reason, should be disregarded and/or stricken.[1]

**Argument**

**I.    THE PLAINTIFF ADMITS THE MATERIAL FACTS**

As a threshold matter, the plaintiff admits the material facts relating to the instant motion.  In plaintiff's response to Progressive's Local Rule 56(a)1 Statement of Material facts, although he purports to deny some of the facts, he does not point the court to

---

[1] Plaintiff's opposition was originally due December 3, 2013.  Plaintiff moved for an extension to December 16, 2013 which was granted on consent.  Plaintiff called defense counsel stating that he needed 24-48 hours more.  The undersigned indicated that defendant would not object, but plaintiff did not seek a further extension and did not file his response until a week later, without the court's permission or defendant's consent, and without further explanation or excuse for the delay.

admissible evidence supporting such denials.  Instead, he merely attempts to deny matters about which he cannot have any personal knowledge and cannot contradict the evidence submitted by Progressive.

The material facts in this matter are relatively simple:

- Defendant Progressive operates a collection agency – Admitted. (Opposition p.6)

- Defendant Progressive is authorized to collect student loans by and/or for the United States Department of Education - - Plaintiff offers no admissible evidence to contradict this assertion, acknowledging that he is "without knowledge." (Opposition at 7)

- The Department of Education placed a student loan account in the name of the plaintiff with Progressive on June 26, 2010 - - Plaintiff denies this allegation but neither cites to or offers any contradictory evidence, and he would not have any personal knowledge to the contrary.  (Opposition at 7)

- Defendant was hired to collect one or more student loans allegedly owed by plaintiff over $85,000 in amount - - Plaintiff denies, but offers no basis for such denial.  (Opposition at 7)

- Progressive's collection activities ordinarily include telephone calls and written correspondence - - Not denied.  (Opposition at 7)

- Progressive's collection activities frequently include the review of student loan debtors' consumer credit files in connection with the collection of accounts - - Although plaintiff admits the "credit inquiry ONLY," plaintiff has not contradicted this contention.  (Opposition at 7)

- Progressive, on July 27, 2010, made a credit inquiry for the purpose of collecting student loan accounts in the plaintiff's name - - Although plaintiff admits the "credit inquiry ONLY," he does not otherwise contradict this contention.  (Opposition at 7)

- In reviewing plaintiff's credit file, Progressive reasonably believed it had a permissible purpose for doing so - - Not contradicted with any facts.  (Opposition at 7)

Undisputed by any competent evidence, these material facts conclusively establish the facts necessary to establish Progressive's permissible purpose in making a routine credit inquiry regarding a credit account it was hired to collect.

## II.   PLAINTIFF'S "DENIALS" ARE UNSUPPORTED AND NOT MATERIAL

At pages 7-8, plaintiff asserts that there are numerous "disputed facts," but none of the facts asserted alter the legal justification for Progressive's motion based upon well-settled principles of law.  Those alleged disputes are not material and reflect plaintiff's complete misunderstanding of the relevant law.

The FCRA does not require plaintiff's consent to make a permitted credit inquiry. Plaintiff's suggestion that Progressive was not collecting an "account" or that Progressive intended to deceive a credit reporting agency are bald assertions unwarranted by any competent evidence and unsupported by any judicial authority.

## III.   PLAINTIFF IS INAPPROPRIATELY DISMISSIVE OF THE PATRICK DOWNEY AFFIDAVIT

At pages 11-16 of his Opposition, unable to contradict the material facts, plaintiff attempts to dismiss the probative effect of Progressive's affidavit from Patrick Downey, attacking the assertions with the improper use and application of certain legal terms such as "foundation," or "hearsay."  Notwithstanding plaintiff's assertions, the affidavit

asserts facts based upon both personal knowledge and Progressive's attached

business records, none of which are contradicted by any admissible facts from plaintiff.

Nor is the affidavit defective in form.  It was sworn to under oath before a Notary Public.

Plaintiff's reliance on 28 U.S.C. § 1746 is incorrect since such statute merely offers an

alternative to a sworn affidavit.

## IV.	PLAINTIFF'S CLAIM IS BASED UPON AN UNREALISTIC AND INCORRECT VERSION OF THE LAW AND POLICY UNDER THE FDCPA

At pages 18-26 of his opposition, plaintiff makes a tortured and largely

incomprehensible argument that notwithstanding the axiomatic principle that review or

collection of a credit account provides a permissible purpose for a credit inquiry under

15 U.S.C. § 1681b(3) and the many cases cited in Progressive's supporting brief, which

cases are not adequately distinguished by plaintiff, that Progressive has somehow

violated the FCRA when it made a single credit inquiry as to plaintiff.

Plaintiff offers an unreasonable interpretation of a particular provision of the

FCRA that does not relate at all to the permissible purposes of a credit inquiry.

Unsupported by any judicial authority, plaintiff claims that the reference in 15 U.S.C. §

1681a(r)(4) relating to electronic fund transfers would restrict the meaning of the word

"account" to only deposit accounts, therefore maintaining that no credit inquiry is

justified for any creditor or debt collector that needs to review or collect an account.

Such unsupported interpretation would render the relevant provisions of 15 U.S.C. §

1681b(3) meaningless.

The undisputed fact is that plaintiff entered the credit marketplace by engaging in

one or more credit transactions in the form of student loans.  Plaintiff has been very

careful not to deny such facts, because to do so under oath would be perjurious.

Whether or not plaintiff disputes liability for such loans, he cannot invoke his highly sensitive privacy concerns against those who are creditors or collectors involved in review or collection of the loans.  Defendant Progressive's access to the plaintiff's credit file offends none of the policies or principles of law under the FCRA, or, for that matter, the FDCPA.  See 15 U.S.C. § 1692c(b) [anticipating permitted communications with consumer reporting agency by debt collectors].

The plaintiff's attempted reliance on *Miller v. TransUnion LLC* (no citation) and *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 79 (9th Cir. 2007) is entirely misguided because the cases do not involve consensual credit transactions.  Had such cases involved personal loans, as in the instant case, they would have been decided differently.  Because the instant case involves student loans the cases relied upon by plaintiff do not provide any support for his position.

Plaintiff has attempted to introduce correspondence from Progressive's General Counsel, in response to correspondence from Mr. Valle, in an attempt to accommodate Mr. Valle's privacy concerns and mitigate any damage Mr. Valle might claim, requesting that defendant's allegedly problematic inquiry be deleted from Mr. Valle's credit file. This letter, however, has nothing to do with the original existence of a permissible purpose for Progressive's single credit inquiry under 15 U.S.C. § 1681b, does not admit any wrongdoing, and is irrelevant to the liability issue under Rule 407 of the Federal Rules of Evidence [evidence of subsequent remedial measures not admissible to prove negligence or culpable conduct].  As a result, it should not be considered by the court.

Plaintiff, having taken thousands of dollars in personal loans, now unpaid, is not only attempting to avoid the natural consequence of that non-payment, but is wrongfully

attempting to convert his adverse credit history into an affirmative recovery.  Plaintiff is

trying to inject validity into his completely meritless position by the sheer volume of his

submission and his purported reliance on numerous, but irrelevant, judicial decisions.

## V.      PLAINTIFF CANNOT ASSET ANY CLAIM UNDER THE FDCPA

At pages 33-34 of his Opposition, plaintiff mentions, for the first time in this

action, the Federal Fair Debt Collection Practices Act in an irrelevant discussion of the

Ninth Circuit's *Brennan* decision and the application of the FDCPA to student loan

guaranty agencies.  Although such discussion is irrelevant to this action, to the extent

plaintiff hopes to assert any claim under the FDCPA, he cannot do so.

First, the Complaint contains no such claim.  *E.g., Lyman v. CSX Transp. Inc.,*

364 Fed. Appx. 699, 701 (2d Cir. 2010) [opposition to summary judgment is not the time

to raise new claims].  Second any collection activity engaged in by Progressive occurred

outside the limitations period.  15 U.S.C. § 1692k(d) [one year limitations period].  Third,

plaintiff has not identified any plausible alleged violation of the FDCPA, and therefore

fails to state any such claim.

## VI.      PLAINTIFF DOES NOT QUALIFY FOR DAMAGES

Of course, absent a finding of a violation, there is no basis for any damages

claim.  However, even recognizing that Mr. Valle has certain sensitivities to items

appearing on his credit report, the bare assertion that he knew of an adverse item on his

credit report is not enough for plaintiff to qualify for pain and suffering-type damages.

*Casella v. Equifax Credit Information Services*, 56 F.3d 469 (2d Cir. 1995); *Spector v.*

*TransUnion LLC*, 301 F. Supp.2d 231 (D. Conn. 2004).  The plaintiff may not claim

private mental distress without any showing that a creditor or other party saw the

alleged erroneous information or took any adverse action as a result.  *Casella, supra.*

The Complaint asserts no facts to support such a claim.

Moreover, plaintiff has introduced no admissible evidence that Progressive

engaged in any "conscious disregard" of plaintiff's rights or deliberately violated the

FCRA.  *Spector, supra.*  On the basis of undisputed fact, plaintiff cannot sustain any

claim to punitive damages.

## Conclusion

Defendant Progressive is entitled, as a matter of law, on the basis of undisputed

fact, to judgment in its favor.  Its motion for summary judgment should be granted.

Respectfully submitted,

DEFENDANT
PROGRESSIVE FINANCIAL
SERVICES, INC.

By: _____/s/_____

Jonathan D. Elliot
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
Email: jelliot@znclaw.com

Its Attorney

## CERTIFICATION

I hereby certify that on January 6, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System

and has been sent via U.S. First Class Mail, postage prepaid, on this date, to:

Nelson Valle (Pro Se)
66 Montowese St.
Hartford, CT 06114


_____/s/_____
Jonathan D. Elliot